UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GERMAINE ABEL,<br>      *Plaintiff,*<br><br>v.<br><br><br>BANK OF AMERICA N.A., GRAND<br>AUTOMOTIVE, INC. d/b/a PLANET<br>MITSUBISHI and GRAND AUTOMOTIVE,<br>INC. 2 d/b/a LYNBROOK MOTORSPORTS,<br>      *Defendants.* | Docket No. 22-cv-2353<br><br><br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Defendants GRAND AUTOMOTIVE, INC. d/b/a PLANET MITSUBISHI and GRAND

AUTOMOTIVE, INC. 2 d/b/a LYNBROOK MOTORSPORTS (hereinafter "Defendants") by

and through their attorneys, Lydecker, by way of this Answer, respond to Plaintiff's Complaint

as follows:

1.   Defendants deny any unlawful, fraudulent, or deceptive acts alleged in Paragraph 1 of

  Plaintiff's Amended Complaint.

2.   Defendants deny the allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3.   Defendants deny the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4.   Defendants deny the allegations in Paragraph 4 of Plaintiff's Amended Complaint.

5.   Defendants deny the allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6.   Defendants deny the allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7.   Defendants deny the allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8.   Defendants deny the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9.     Paragraph 9 of Plaintiff's Amended Complaint makes no factual allegations and therefore, no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.    Defendants repeat and re-assert each and every answer contained in Paragraphs 1-9 as if fully stated herein.

11.    Paragraph 11 of Plaintiff's Amended Complaint makes no factual allegations and therefore, no response is required.  To the extent that one is, Defendants deny the allegations in Paragraph 11.

12.     Paragraph 12 of Plaintiff's Amended Complaint makes no factual allegations and therefore, no response is required.  To the extent that one is, Defendants deny the allegations in Paragraph 12.

## PARTIES

13.    Defendants re-assert Paragraphs 1-12 as fully stated herein.

14.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Amended Complaint and leave Plaintiff to her proofs.

15.    Defendants admit the allegations in Paragraph 15 of the Amended Complaint.

16.    Defendants admit the allegations in Paragraph 16 of the Amended Complaint.

17.    Defendants admit the allegations in Paragraph 17 of the Amended Complaint.

18.    Defendants admit the allegations in Paragraph 18 of the Amended Complaint.

19.    Defendants admit the allegations in Paragraph 19 of the Amended Complaint.

20.    Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21.     Paragraph 21 of the Amended Complaint makes no allegation and therefore no response is required.  To an extent a response is required, Defendants deny the allegations in Paragraph 21.

22.     Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

23.     Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 23 of the Amended Complaint and leave Plaintiff to her proofs.

24.     Paragraph 24 is a legal conclusion and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

25.     Paragraph 25 is a legal conclusion and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

26.     Defendants admit the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants deny that Bank of America engaged in any misconduct.  Otherwise, Paragraph 27 is a legal conclusion and no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

## FACTUAL ALLEGATIONS

28.     Defendants repeat and re-assert each and every answer in Paragraphs 1-27 as if fully set forth herein.

29.     Defendants admit the allegations set forth in Paragraph 29 of the Amended Complaint.

30.     Defendants admit the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 31 of the Amended Complaint and leave Plaintiff to her proofs.

32.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 32 of the Amended Complaint and leave Plaintiff to her proofs.

33.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 33 of the Amended Complaint and leave Plaintiff to her proofs.

34.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 34 of the Amended Complaint and leave Plaintiff to her proofs.

35.     Defendants admit the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants admit the that Exhibit 1 shows the advertisement was displayed on the website nycmotocarlynbrook.com but is without knowledge of the authenticity of this exhibit and leaves Plaintiff to her proofs as to authenticity.

37.      Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 37 of the Amended Complaint and leave Plaintiff to her proofs.

38.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 38 of the Amended Complaint and leave Plaintiff to her proofs.

39.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 39 of the Amended Complaint and leave Plaintiff to her proofs.

40.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 40 of the Amended Complaint and leave Plaintiff to her proofs.

41.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 41 of the Amended Complaint and leave Plaintiff to her proofs.

42.     Defendants admit the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendants admit the allegations in Paragraph 43 of the Amended Complaint.

44.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 44 of the Amended Complaint and leave Plaintiff to her proofs.

45.    Defendants admit the allegations set forth in Paragraph 45 of the Amended Complaint.

46.    Defendants deny that anything in the advertisement promised that $28,990 was the final price of the Vehicle.  Otherwise, Defendants admit the allegations in Paragraph 46 of the Amended Complaint.

47.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 47 of the Amended Complaint and leave Plaintiff to her proofs.

48.    Defendants admit that the final cost pursuant to the email was $38,608.50.  Defendants are without knowledge sufficient to admit or deny whether Plaintiff saw the email.

49.    Defendants admit the allegations in Paragraph 49 of the Amended Complaint.

50.    Defendants admit the allegations in Paragraph 50 of the Amended Complaint.

51.    Defendants admit the allegations in Paragraph 51 of the Amended Complaint.

52.    Defendants admit the allegations in Paragraph 52 of the Amended Complaint.

53.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 53 of the Amended Complaint and leave Plaintiff to her proofs.

54.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 54 of the Amended Complaint and leave Plaintiff to her proofs.

55.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 55 of the Amended Complaint and leave Plaintiff to her proofs.

56.    Defendants admit the allegations in Paragraph 56 of the Amended Complaint.

57.    Defendants admit the allegations in Paragraph 57 of the Amended Complaint.

58.    Defendants admit the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendants admit the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 60 of the Amended Complaint and leave Plaintiff to her proofs.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 62 of the Amended Complaint and leave Plaintiff to her proofs.

63.     Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 63 of the Amended Complaint and leave Plaintiff to her proofs.

64.     Defendants admit that Plaintiff decided to purchase the Vehicle.  Otherwise, Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 64 of the Amended Complaint and leave Plaintiff to her proofs.

65.     Defendants admit the allegations set forth the in Paragraph 65 of the Amended Complaint.

66.     Defendants admit the allegations set forth in Paragraph 66 of the Amended Complaint.

67.     Defendants admit the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     Defendants admit the allegations set forth in Paragraph 68 of the Amended Complaint.

69.     Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 69 and leave the Plaintiff to her proofs.

70.      Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 70 of the Amended Complaint and leave Plaintiff to her proofs.

71.     Defendants admit that Plaintiff interacted with Aryan Vahye, a salesperson.  Otherwise, Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 71 of the Amended Complaint and leave Plaintiff to her proofs.

6

72.   Defendants admit the allegations set forth in Paragraph 72 of the Amended Complaint.

73.   Defendants admit the allegations set forth in Paragraph 73 of the Amended Complaint.

74.   Defendants admit the allegations set forth in Paragraph 74 of the Amended Complaint.

75.   Defendants admit the allegations set forth in Paragraph 75 of the Amended Complaint.

76.   Defendants admit the allegations set forth in Paragraph 76 of the Amended Complaint.

77.   Defendants admit the allegations set forth in Paragraph 77 of the Amended Complaint.

78.   Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 78 of the Amended Complaint and leave Plaintiff to her proofs.

79.   Because the copy of Exhibit 3 is so dark, Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 79 of the Amended Complaint and leave Plaintiff to her proofs.

80.   Defendants admit the allegations set forth in Paragraph 80 of the Amended Complaint.

81.   Defendants admit that Aryan showed the car to the Plaintiff, but Defendants are without knowledge sufficient to admit or deny the other allegations in Paragraph 81 and leave Plaintiff to her proofs. .

82.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 82 of the Amended Complaint and leave Plaintiff to her proofs.

83.   Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 83 of the Amended Complaint. and leave Plaintiff to her proofs.

84.   Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 84 of the Amended Complaint and leave Plaintiff to her proofs.

85.   Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 85 of the Amended Complaint and leave Plaintiff to her proofs.

86. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 86 of the Amended Complaint and leave Plaintiff to her proofs.

87. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 87 of the Amended Complaint and leave Plaintiff to her proofs.

88. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 88 of the Amended Complaint and leave Plaintiff to her proofs.

89. Defendants admit the allegations in Paragraph 89 of the Amended Complaint.

90. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 90 of the Amended Complaint and leave Plaintiff to her proofs.

91. Defendants admit that the Plaintiff made a down payment of $17,000.  Otherwise, Plaintiffs are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 91 of the Amended Complaint and leave Plaintiff to her proofs.

92. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 92 of the Amended Complaint and leave Plaintiff to her proofs.

93. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 93 of the Amended Complaint and leave Plaintiff to her proofs.

94. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 94 of the Amended Complaint and leave Plaintiff to her proofs.

95. Defendants admit that Exhibit 4 looks to be what Plaintiff purports it to be, but Defendants are without knowledge sufficient so admit or deny the authenticity of evidence and leave Plaintiff to her proofs.

96. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 96 of the Amended Complaint and leave Plaintiff to her proofs.

97.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 97 of the Amended Complaint and leave Plaintiff to her proofs.

98.    Defendants deny the allegations set forth in Paragraph 98 of the Amended Complaint.

99.    Defendants admit that the total price with the extended warranty was $42,438.44, but Defendants deny that Plaintiff was told she had to purchase it; otherwise, Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 99 of the Amended Complaint.

100.   Defendants deny the allegations set forth in Paragraph 100 of the Amended Complaint.

101.   Defendants deny the allegations set forth in Paragraph 101 of the Amended Complaint.

102.   Defendants deny the allegations set forth in Paragraph 102 of the Amended Complaint.

103.   Defendants admit that Plaintiff was told she had to purchase the $3,995 warranty before she arrived at the dealership. Otherwise, Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 103 of the Amended Complaint.

104.   Defendants deny that the Dealership told her that she had to buy the second warranty, as well as all other allegations in Paragraph 104 of the Amended Complaint.

105.   Defendants deny the allegations set forth in Paragraph 105 of the Amended Complaint.

106.   Defendants deny the allegations set forth in Paragraph 106 of the Amended Complaint.

107.   Defendants deny the allegations set forth in Paragraph 107 of the Amended Complaint.

108.   Defendants admit that Plaintiff spoke to Justin Gonzalez, however her complaints were about the price she had been quoted in the e-mail, $38,608.50, not about the second warranty, which Plaintiff purchased at her own free will.

109.   Defendants admit the allegations set forth in Paragraph 109 of the Amended Complaint.

110.   Defendants admit the allegations set forth in Paragraph 100 of the Amended Complaint.

9

111.   Defendants admit the allegations set forth in Paragraph 111 of the Amended Complaint.

112.   Defendants admit the allegations set forth in Paragraph 112 of the Amended Complaint.

113.   Defendants admit the allegations set forth in Paragraph 113 of the Amended Complaint.

114.   Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 114 of the Amended Complaint.

115.   Defendants deny that Justin or Aryan told Plaintiff that she had to buy the additional extended warranty.  Defendants admit that Plaintiff decided to purchase the Vehicle.

116.   Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 116 of the Complaint.

117.   Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 117 of the Amended Complaint and leave Plaintiff to her proofs.

118.   Defendants deny the allegations in Paragraph 118 of the Amended Complaint.

119.   Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 119 of the Amended Complaint and leave Plaintiff to her proofs.

120.   Defendants admit that the Dealership intended to fix some defects, however, Defendant is without knowledge sufficient to admit or deny what the defects were.  Defendants otherwise admit the allegations in Paragraph 120 of the Amended Complaint.

121.   Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 121 of the Complaint and leave Plaintiff to her proofs.

122.   Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 122 of the Complaint and leave Plaintiff to her proofs.

123.   Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 123 of the Complaint and leave Plaintiff to her proofs.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Amended Complaint.

125.    Defendants deny the allegations set forth in Paragraph 125 of the Amended Complaint.

126.    Defendants deny the allegations set forth in Paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Amended Complaint.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Amended Complaint.

130.    Defendants deny the allegations set forth in Paragraph 130 of the Amended Complaint.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Amended Complaint.

132.    Defendants deny the allegations set forth in Paragraph 132 of the Amended Complaint.

133.    Defendants deny the allegations set forth in Paragraph 133 of the Amended Complaint.

134.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 134 of the Amended Complaint.

135.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 135 of the Amended Complaint.

136.    Defendants admit the allegations in Paragraph 136 of the Amended Complaint.

137.    Defendants admit the allegations in Paragraph 137 of the Amended Complaint.

138.    Defendants admit that the second warranty appeared on the Bill of Sale at the price of $3,495.  Defendants deny that Plaintiff was compelled to purchase this warranty.

139.    Defendants admit the allegations in Paragraph 139 of the Amended Complaint.

140.    Defendants admit the allegations in Paragraph 140 of the Amended Complaint.

141.    Defendants admit the allegations in Paragraph 141 of the Amended Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Amended Complaint.

143.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 143 of the Amended Complaint and leave Plaintiff to her proofs.

144.    Defendants admit that the Certificate of Sale has the Facility Number 7114180 on it but deny that it appears on the Bill of Sale.

145.    Defendants deny the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendants admit the allegations in Paragraph 146 of the Amended Complaint.

147.    Defendants deny the allegations in Paragraph 147 of the Amended Complaint. Neither the bill of sale nor the certificate of sale say that Planet Mitsubishi was the previous owner. On the contrary, the certificate of sale says that NYC Motorcars was the previous owner.

148.    Defendants deny the allegations in Paragraph 148 of the Amended Complaint.

149.    Defendants deny the allegations in Paragraph 149 of the Amended Complaint.

150.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 150 of the Amended Complaint and leave Plaintiff to her proofs.

151.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 151 of the Amended Complaint and leave Plaintiff to her proofs.

152.    Defendants deny the allegations set for the in Paragraph 152 of the Amended Complaint.

153.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 153 of the Amended Complaint and leave Plaintiff to her proofs.

154.    Defendants deny that the allegations in Paragraph 154 of the Amended Complaint.

155.    Defendants deny the allegations set forth in Paragraph 155 of the Amended Complaint.

156.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 156 of the Amended Complaint and leave Plaintiff to her proofs.

157.    Defendants deny the allegations in Paragraph of the Amended Complaint.

158.    Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 158 of the Amended Complaint and leave Plaintiff to her proofs.

159.    While Exhibit 7 appears to be an advertisement posted on July 30, 2021, Defendants are without knowledge sufficient to admit or deny the authenticity of this Exhibit and leave Plaintiff to her proofs.

160.    Defendants admit that they sold the Vehicle to a third party.  Otherwise, Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 160 of the Amended Complaint and leave Plaintiff to her proofs.

161.    Defendants admit that Exhibit 8 appears to be what the Plaintiff purports.  Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 161 of the Amended Complaint and leave Plaintiff to her proofs.

162.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 162 of the amended Complaint and leave Plaintiff to her proofs.

163.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 163 of the amended Complaint and leave Plaintiff to her proofs.

164.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 164 of the amended Complaint and leave Plaintiff to her proofs.

165.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 165 of the amended Complaint and leave Plaintiff to her proofs.

166.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 166 of the amended Complaint and leave Plaintiff to her proofs.

167.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 167 of the amended Complaint and leave Plaintiff to her proofs.

168.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 168 of the amended Complaint and leave Plaintiff to her proofs.

169.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 169 of the amended Complaint and leave Plaintiff to her proofs.

170.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 170 of the amended Complaint and leave Plaintiff to her proofs.

171.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 171 of the amended Complaint and leave Plaintiff to her proofs.

172.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 172 of the amended Complaint and leave Plaintiff to her proofs.

173.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 173 of the amended Complaint and leave Plaintiff to her proofs.

174.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 174 of the amended Complaint and leave Plaintiff to her proofs.

175.    Defendants admit that Plaintiff hired a lawyer that communicated with the Dealership. Otherwise, Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 175 and leave Plaintiff to her proofs.

176.    Defendants admit the allegations set forth in Paragraph 176 of the Amended Complaint.

177.    Defendants deny the allegations set forth in Paragraph 177 of the Amended Complaint.

178.    Defendants are without knowledge sufficient to admit or deny the Allegations set forth in Paragraph 178 of the Amended Complaint.

179.   Defendants admit the allegations in Paragraph 179 of the Amended Complaint.

180.   Defendants admit the allegations in Paragraph 180 of the Amended Complaint.

181.   Defendants deny the allegations set forth in Paragraph 181 of the Amended Complaint.

182.   Defendants deny the allegations set forth in Paragraph 182 of the Amended Complaint.

183.   Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 183 of the Amended Complaint and leave Plaintiff to her proofs.

184.   Defendants lack information sufficient to admit or deny the allegations set forth in the Paragraph 184 of the Amended Complaint and leave Plaintiff to her proofs.

185.   Defendants lack information sufficient to admit or deny the allegations set forth in the Paragraph 185 of the Amended Complaint and leave Plaintiff to her proofs.

186.   Defendants deny the allegations set forth in Paragraph 186 of the Amended Complaint.

187.   Defendants deny the allegations set forth in Paragraph 187 of the Amended Complaint.

188.   Defendants deny the allegations set forth in Paragraph 188 of the Amended Complaint.

189.   Defendants deny that they "never delivered" the Vehicle.  Plaintiff never picked up the Vehicle.

190.   Defendants admit the allegations set forth in Paragraph 190 of the Amended Complaint.

191.   Defendants admit the allegations set forth in Paragraph 191 of the Amended Complaint.

192.   Defendants lack information sufficient to admit or deny the allegations set forth in the Paragraph 192 of the Amended Complaint and leave Plaintiff to her proofs.

193.   Defendants deny that they "refused to deliver" the Vehicle.  Plaintiff never picked it up. Otherwise, Defendants lack information sufficient to admit or deny the allegations set forth in the Paragraph 193 of the Amended Complaint and leave Plaintiff to her proofs.

194.   Defendants deny that they "refused to deliver" the Vehicle.  Plaintiff never picked it up.

Otherwise, Defendants lack information sufficient to admit or deny the allegations set

forth in the Paragraph 194 of the Amended Complaint and leave Plaintiff to her proofs

195.   Defendants deny that they "refused to deliver" the Vehicle.  Plaintiff never picked it up.

Otherwise, Defendants lack information sufficient to admit or deny the allegations set

forth in the Paragraph 195 of the Amended Complaint and leave Plaintiff to her proofs.

196.   Defendants lack information sufficient to admit or deny the allegations set forth in the

Paragraph 196 of the Amended Complaint and leave Plaintiff to her proofs.

197.   Defendants deny that they would not return the $17,000.  Otherwise, Defendants lack

information sufficient to admit or deny the allegations set forth in the Paragraph 197 of

the Amended Complaint and leave Plaintiff to her proofs.

198.   Defendants deny the allegations set forth in Paragraph 198 of the Amended Complaint.

199.   Defendants lack knowledge sufficient to admit or deny the allegations set forth in

Paragraph 199 of the Amended Complaint and leave Plaintiff to her proofs. .

200.   Defendants deny the allegations set forth in Paragraph 200 of the Amended Complaint.

201.   Defendants deny the allegations set forth in Paragraph 201 of the Amended Complaint.

202.   Defendants lack information sufficient to admit or deny the allegations set forth in the

Paragraph 202 of the Amended Complaint and leave Plaintiff to her proofs.

203.   Defendants deny the allegations set forth in Paragraph 203 of the Amended Complaint.

204.   Defendants deny the allegations set forth in Paragraph 204 of the Amended Complaint.

## **AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

## **TILA – 15 U.S.C. § 1638(a)**

205. Defendants repeat and re-assert each response in Paragraphs 1-204 as if fully set forth herein.

206. Defendants admit the allegations set forth in Paragraph 206 of the Amended Complaint.

207. Defendants deny the allegations set forth in Paragraph 207 of the Amended Complaint.

208. Defendants deny the allegations set forth in Paragraph 208 of the Amended Complaint.

209. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 209 of the Amended Complaint and leave Plaintiff to her proofs.

210. Defendants deny the allegations set forth in Paragraph 210 of the Amended Complaint.

211. Defendants deny the allegations set forth in Paragraph 211 of the Amended Complaint.

212. Defendants deny the allegations set forth in Paragraph 212 of the Amended Complaint.

213. Defendants deny the allegations set forth in Paragraph 213 of the Amended Complaint.

214. Defendants admit the allegations set forth in Paragraph 214 of the Amended Complaint.

215. Defendants deny the allegations set forth in Paragraph 215 of the Amended Complaint.

216. Defendants deny the allegations set forth in Paragraph 216 of the Amended Complaint.

217.  Defendants deny the allegations set forth in Paragraph 217 of the Amended Complaint.

218. Defendants deny the allegations set forth in Paragraph 218 of the Amended Complaint.

219. Defendants admit the allegations set forth in Paragraph 219 of the Amended Complaint.

220. Paragraph 220 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

221. Defendants deny the allegations set forth in Paragraph 221 of the Amended Complaint.

222. Defendants deny the allegations set forth in Paragraph 222 of the Amended Complaint.

223. Defendants deny the allegations set forth in Paragraph 223 of the Amended Complaint.

224. Defendants admit the allegations set forth in Paragraph 224 of the Amended Complaint.

225. Paragraph 225 of the Amended Complaint is a conclusion of law, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

226. Defendants deny the allegations set forth in Paragraph 226 of the Amended Complaint.

227. Defendants deny the allegations set forth in Paragraph 227 of the Amended Complaint.

228. Defendants admit the allegations set forth in Paragraph 228 of the Amended Complaint.

229. Defendants admit the allegations set forth in Paragraph 229 of the Amended Complaint.

230. Defendants deny the allegations set forth in Paragraph 230 of the Amended Complaint.

231. Defendants deny the allegations set forth in Paragraph 231 of the Amended Complaint.

232. Defendants admit the allegations set forth in Paragraph 232 of the Amended Complaint.

233. Paragraph 233 of the Amended Complaint is a conclusion of law, and therefore, no response is required. To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

234. Defendants deny the allegations set forth in Paragraph 234 of the Amended Complaint.

235. Defendants deny the allegations set forth in Paragraph 235 of the Amended Complaint.

236. Defendants deny the allegations set forth in Paragraph 236 of the Amended Complaint.

237. Defendants deny the allegations set forth in Paragraph 237 of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

### TILA – 15 U.S.C. § 1638(b)

238. Defendants repeat and re-assert the responses in Paragraphs 1-237 as if fully set forth herein.

239. Defendants admit the allegations set forth in Paragraph 239 of the Amended Complaint.

240. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 240 of the Amended Complaint and leave Plaintiff to her proofs.

241. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 241 of the Amended Complaint and leave Plaintiff to her proofs.

242. Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 242 of the Amended Complaint and leave Plaintiff to her proofs.

243. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 243 of the Amended Complaint and leave Plaintiff to her proofs.

244. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 244 of the Amended Complaint and leave Plaintiff to her proofs.

245. Defendants deny the allegations set forth in Paragraph 245 of the Amended Complaint.

246. Defendants deny the allegations set forth in Paragraph 246 of the Amended Complaint.

247. Defendants deny the allegations set forth in Paragraph 247 of the Amended Complaint.

248. Defendants deny the allegations set forth in Paragraph 248 of the Amended Complaint.

249. Defendants deny the allegations set forth in Paragraph 249 of the Amended Complaint.

250. Defendants deny the allegations set forth in Paragraph 250 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

## MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301

## NYUCC § 2-312

## NYUCC § 2-314

251. Defendants repeat and re-assert the responses in Paragraphs 1-250 of the Amended Complaint as if fully set forth herein.

252.    Paragraph 252 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

253.    Paragraph 253 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

254.    Paragraph 254 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

255.    Paragraph 255 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

256.    Paragraph 256 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

257.    Paragraph 257 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

258.    Paragraph 258 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

259.   Paragraph 259 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

260.   Paragraph 260 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

261.   Paragraph 261 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

262.   Paragraph 262 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

263.   Defendant's deny the allegations set forth in Paragraph 263 of the Amended Complaint.

264.   Defendant's deny the allegations set forth in Paragraph 264 of the Amended Complaint.

265.   Defendant's deny the allegations set forth in Paragraph 265 of the Amended Complaint.

266.   Defendant's deny the allegations set forth in Paragraph 266 of the Amended Complaint.

267.   Defendant's deny the allegations set forth in Paragraph 267 of the Amended Complaint.

268.   Defendant's deny the allegations set forth in Paragraph 268 of the Amended Complaint.

269.   Paragraph 269 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

270.    Paragraph 270 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

271.    Paragraph 271 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

272.    Paragraph 272 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

273.    Paragraph 273 of the Amended Complaint is a conclusion of law, and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the Court.

274.    Defendants deny the allegations set forth in Paragraph 274 of the Amended Complaint.

275.    Defendants deny the allegations set forth in Paragraph 275 of the Amended Complaint.

276.    Defendants deny the allegations set forth in Paragraph 276 of the Amended Complaint.

277.    Defendants deny the allegations set forth in Paragraph 277 of the Amended Complaint.

278.    Defendants deny the allegations set forth in Paragraph 278 of the Amended Complaint.

279.    Defendants deny the allegations set forth in Paragraph 279 of the Amended Complaint.

280.    Defendants deny the allegations set forth in Paragraph 280 of the Amended Complaint.

281.    Defendants deny the allegations set forth in Paragraph 281 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

## COMMON-LAW FRAUD

282.   Defendants repeat and re-assert the responses to Paragraphs 1-281 of the Amended Complaint as if fully set forth herein.

283.   Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 283 of the Amended Complaint and leave Plaintiff to her proofs.

284.   Defendants admit that Dealership sold Plaintiff the Vehicle for $42,438.44.  Defendants deny all allegations in Paragraph 284 of the Amended Complaint.

285.   Defendants are without information sufficient to admit or deny the allegations set forth in Paragraph 285 of the Amended Complaint and leave Plaintiff to her proofs.

286.   Defendants deny the allegations set forth in Paragraph 286 of the Amended Complaint.

287.   Defendants deny the allegations set forth in Paragraph 287 of the Amended Complaint.

288.   Defendants deny the allegations set forth in Paragraph 288 of the Amended Complaint.

289.   Defendants deny the allegations set forth in Paragraph 289 of the Amended Complaint.

290.   Defendants deny the allegations set forth in Paragraph 290 of the Amended Complaint.

291.   Defendants deny the allegations set forth in Paragraph 291 of the Amended Complaint.

292.   Defendants deny the allegations set forth in Paragraph 292 of the Amended Complaint.

293.   Defendants deny the allegations set forth in Paragraph 293 of the Amended Complaint.

294.   Defendants deny the allegations set forth in Paragraph 294 of the Amended Complaint.

295.   Defendants deny the allegations set forth in Paragraph 295 of the Amended Complaint.

296.   Defendants deny the allegations set forth in Paragraph 296 of the Amended Complaint.

297.   Defendants deny the allegations set forth in Paragraph 297 of the Amended Complaint.

298.   Defendants deny the allegations set forth in Paragraph 298 of the Amended Complaint.

299.   Defendants deny the allegations set forth in Paragraph 299 of the Amended Complaint.

**Punitive Damages**

300.    Defendants deny the allegations set forth in Paragraph 300 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

301.    Defendants repeat and re-assert the responses to Paragraphs 1-300 of the Amended Complaint as if fully set forth herein.

302.    Defendants deny the allegations set forth in Paragraph 302 of the Amended Complaint.

303.    Defendants deny the allegations set forth in Paragraph 303 of the Amended Complaint.

304.    Defendants deny the allegations set forth in Paragraph 304 of the Amended Complaint.

305.    Defendants deny the allegations set forth in Paragraph 305 of the Amended Complaint.

306.    Defendants deny the allegations set forth in Paragraph 306 of the Amended Complaint.

307.    Defendants deny the allegations set forth in Paragraph 307 of the Amended Complaint.

308.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 308 of the Amended Complaint and leave Plaintiff to her proofs.

309.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 309 of the Amended Complaint and leave Plaintiff to her proofs.

310.    Defendants deny the allegations set forth in Paragraph 310 of the Amended Complaint.

311.    Defendants deny the allegations set forth in Paragraph 311 of the Amended Complaint.

312.    Defendants deny the allegations set forth in Paragraph 312 of the Amended Complaint.

313.    Defendants deny the allegations set forth in Paragraph 313 of the Amended Complaint.

314.    Defendants deny the allegations set forth in Paragraph 314 of the Amended Complaint.

315.    Defendants deny the allegations set forth in Paragraph 315 of the Amended Complaint.

316.    Paragraph 316 of the Amended Complaint is a legal conclusion.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

317. Defendants deny the allegations set forth in Paragraph 317 of the Amended Complaint.

318. Defendants deny the allegations set forth in Paragraph 318 of the Amended Complaint.

319. Defendants deny the allegations set forth in Paragraph 319 of the Amended Complaint.

320. Paragraph 320 of the Amended Complaint is a legal conclusion.  Therefore, no response
is required.  To the extent a response is required, Defendants deny the allegations and
leave all questions of law to the court.

321. Paragraph 321 of the Amended Complaint is a legal conclusion.  Therefore, no response
is required.  To the extent a response is required, Defendants deny the allegations and
leave all questions of law to the court.

322. Defendants deny the allegations set forth in Paragraph 322 of the Amended Complaint.

323.  Defendants deny the allegations set forth in Paragraph 323 of the Amended Complaint.

324. Defendants deny the allegations set forth in Paragraph 324 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

### MVRISA – New York Personal Property Law § 301

325. Defendants repeat and re-assert the responses to Paragraphs 1-324 of the Amended
Complaint as if fully set forth herein.

326. Paragraph 326 of the Amended Complaint is a legal conclusion.  Therefore, no response
is required.  To the extent a response is required, Defendants deny the allegations and
leave all questions of law to the court.

327. Paragraph 327 of the Amended Complaint is a legal conclusion.  Therefore, no response
is required.  To the extent a response is required, Defendants deny the allegations and
leave all questions of law to the court.

328. Paragraph 328 of the Amended Complaint is a legal conclusion.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

329. Paragraph 329 of the Amended Complaint is a legal conclusion.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

330. Paragraph 330 of the Amended Complaint is a legal conclusion.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

331. Defendants deny the allegations set forth in Paragraph 331 of the Amended Complaint.

332. Paragraph 332 of the Amended Complaint is a legal conclusion.  Therefore, no response is required.  To the extent a response is required, Defendants deny the allegations and leave all questions of law to the court.

333. Defendants deny the allegations set forth in Paragraph 333 of the Amended Complaint.

334. Defendants deny the allegations set forth in Paragraph 334 of the Amended Complaint.

335. Defendants deny the allegations set forth in Paragraph 335 of the Amended Complaint.

336. Defendants deny the allegations set forth in Paragraph 336 of the Amended Complaint.

337. Defendants deny the allegations set forth in Paragraph 337 of the Amended Complaint.

338. Defendants deny the allegations set forth in Paragraph 338 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION

### CONVERSION

339. Defendants repeat and re-assert the responses to Paragraphs 1-338 of the Amended Complaint as if fully set forth herein.

340.    Defendants admit the allegations set forth in Paragraph 340 of the Amended Complaint.

341.    Defendants deny the allegations set forth in Paragraph 341 of the Amended Complaint.

342.    Defendants deny the allegations set forth in Paragraph 342 of the Amended Complaint.

343.    Defendants deny the allegations set forth in Paragraph 343 of the Amended Complaint.

344.    Defendants deny the allegations set forth in Paragraph 344 of the Amended Complaint.

345.    Defendants deny the allegations set forth in Paragraph 345 of the Amended Complaint.

346.    Defendants deny the allegations set forth in Paragraph 346 of the Amended Complaint.

347.    Defendants deny the allegations set forth in Paragraph 347 of the Amended Complaint.

348.    Defendants deny the allegations set forth in Paragraph 348 of the Amended Complaint.

349.    Defendants deny the allegations set forth in Paragraph 349 of the Amended Complaint.

350.    Defendants deny the allegations set forth in Paragraph 350 of the Amended Complaint.

351.    Defendants deny the allegations set forth in Paragraph 351 of the Amended Complaint.

352.    Defendants deny the allegations set forth in Paragraph 352 of the Amended Complaint.

353.    Defendants deny the allegations set forth in Paragraph 353 of the Amended Complaint.

## AS AND FOR A RESPONSET TO THE EIGHTH CAUSE OF ACTION

### UNJUST ENRICHMENT

354.    Defendants repeat and re-assert the responses to Paragraphs 1-353 of the Amended
        Complaint as if fully set forth herein.

355.    Defendants admit the allegations set forth in Paragraph 355 of the Amended Complaint.

356.    Defendants deny the allegations set forth in Paragraph 356 of the Amended Complaint.

357.    Defendants deny the allegations set forth in Paragraph 357 of the Amended Complaint.

358.    Defendants deny the allegations set forth in Paragraph 358 of the Amended Complaint.

359.    Defendants deny the allegations set forth in Paragraph 359 of the Amended Complaint.

360.   Defendants deny the allegations set forth in Paragraph 360 of the Amended Complaint.

361.   Defendants deny the allegations set forth in Paragraph 361 of the Amended Complaint.

362.   Defendants deny the allegations set forth in Paragraph 362 of the Amended Complaint.

363.   Defendants deny the allegations set forth in Paragraph 363 of the Amended Complaint.

364.   Defendants deny the allegations set forth in Paragraph 364 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE NINTH CAUSE OF ACTION

### MONEY HAD AND RECEIVED

365.   Defendants repeat and re-assert the responses to Paragraphs 1-365 of the Amended Complaint.

366.   Defendants admit the allegations set forth in Paragraph 366 of the Amended Complaint.

367.   Defendants deny the allegations set forth in Paragraph 367 of the Amended Complaint.

368.   Defendants deny the allegations set forth in Paragraph 368 of the Amended Complaint.

369.   Defendants deny the allegations set forth in Paragraph 369 of the Amended Complaint.

370.   Defendants deny the allegations set forth in Paragraph 370 of the Amended Complaint.

371.   Defendants deny the allegations set forth in Paragraph 371 of the Amended Complaint.

372.   Defendants deny the allegations set forth in Paragraph 372 of the Amended Complaint.

373.   Defendants deny the allegations set forth in Paragraph 373 of the Amended Complaint.

374.   Defendants deny the allegations set forth in Paragraph 374 of the Amended Complaint.

375.   Defendants deny the allegations set forth in Paragraph 375 of the Amended Complaint.

## ALLEGATIONS AGAINST BANK OF AMERICA

## AS ANDA FOR A RESPONSE TO THE TENTH CAUSE OF ACTION

### NYGBL § 349 – Deceptive Acts and Practices

376. Defendants repeat and re-assert the responses to Paragraphs 1-375 of the Amended Complaint as if fully set forth herein.

377. Paragraph 377 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

378. Paragraph 378 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

379. Paragraph 379 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

380. Paragraph 380 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

381. Paragraph 381 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

382. Paragraph 382 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

383. Paragraph 383 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

384.    Paragraph 384 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

385.    Paragraph 385 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

386.    Paragraph 386 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

387.    Paragraph 387 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

388.    Paragraph 388 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

389.    Paragraph 389 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

390.    Paragraph 390 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

391.    Paragraph 391 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

392.    Paragraph 392 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

393.    Paragraph 393 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

394.    Paragraph 394 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

395.    Paragraph 395 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

396.    Paragraph 396 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

397.    Paragraph 397 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

398. Paragraph 398 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

399. Paragraph 399 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

400. Paragraph 400 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

401. Paragraph 401 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

402. Paragraph 402 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

403. Paragraph 403 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

404. Paragraph 404 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

405.    Paragraph 405 makes no allegations with respect to Defendants and therefore, no response is required.  To the extent a response is required, Defendants deny the allegations.

**WHEREFORE** Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice and awarded Defendants costs and fees.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

Defendants are exempt from the requirements of the Truth in Lending Act.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff lacks standing.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff waived her rights under the Truth in Lending Act.

**FOURTH AFFIRMATIVE DEFENSE**

The Truth in Lending Act does not protect the Plaintiff because the transaction was primarily for business, commercial, or agricultural purposes.

**FIFTH AFFIRMATIVE DEFENSE**

The Truth in Lending Act does not apply because Plaintiff is an agency or organization and not a natural person.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise reasonable care.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff gave knowing consent to all acts of which she now complains.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to plead a cause of action based on fraud with details required by F.R.C.P. 9.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrine of ratification.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred or limited by the equitable doctrine of payment and release.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrine of res judicata

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred in whole or in part by the doctrine of setoff and recoupment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants owed no duty to the Plaintiff.

## NINTEENTH AFFIRMATIVE DEFENSE

If Defendants owed a duty to the Plaintiff, Defendants, including their servants, employees,

agents, and/or independent contractors, did not breach any duty.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants' conduct, and that of their servants, employees, agents, and/or independent

contractors, was reasonable, proper, without malice, and in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiffs herein was not caused by negligence or carelessness of

Defendants, including servants, employees, agents, and/or independent contractors, but were

caused solely by the negligence and carelessness of the Plaintiff and that such conduct requires

diminution of any award, verdict, or judgment that Plaintiff may recover against Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants, including their servants, employees, agents, and/or independent contractors, were

neither the factual, nor proximate cause, of any damages suffered by Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

If damages were sustained by Plaintiff at the time and place and in the manner alleged in the

Amended Complaint, third parties and/or unnamed co-defendants over whom  Defendants had

no control are responsible for such injuries and damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by reason of Plaintiff's failure to comport with conditions precedent necessary to the bringing of such claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may have failed to maintain or preserve evidence referred to in the Amended Complaint in its immediate post-incident condition, Plaintiff has negligently or intentionally destroyed evidence and may not maintain any action against Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are possessed of defenses to Plaintiff's claims based upon documentary evidence.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a necessary party to the instant action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff suffered any losses or damages; in any event, any losses or damages sustained by Plaintiff were *de minimis,* remote, speculative, and/or transient and hence are not cognizable at law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any ascertainable damages as a result of their reliance upon any statements and/or representations made by Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants did not make any misrepresentations or omissions of material fact.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants did not knowingly or recklessly make any false representations or omissions of material fact.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendants did not knowingly or reckless make any false representations or omissions of

material fact with the intent to induce Plaintiff's reliance.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendants did not engage in any deceptive acts or practices.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants did not engage in any deceptive acts or practices directed toward consumers.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are wholly insubstantial, frivolous, and not advanced in good faith.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants reserve the right to raise additional Affirmative Defenses, or file any applicable

pleadings, as discovery may reveal necessary or appropriate.

**RESERVATION TO STRIKE**

Defendants hereby reserve the right to move at or before trial of this matter to strike

Plaintiff's Amended Complaint on the grounds set forth in the Affirmative Defenses.

Defendants hereby reserve the right to move at or before trial of this matter to strike the aforesaid

claims on the grounds that they fail to state a cause of action for which relief can be granted.

Defendants also hereby reserve the right to move at or before trial of this matter to dismiss the

aforesaid Amended Complaint on the grounds that it is barred by common law or statutory law

or otherwise.

**WHEREFORE,** Defendants demand judgment dismissing the Amended

Complaint herein with costs and disbursements of this action plus any and all attorneys' fees, and

all other costs and disbursements in this action.

## <u>JURY DEMAND</u>

**PLEASE TAKE NOTICE** that Defendants demand trial by jury on all issues so triable.

Dated: Melville, New York
        November 18, 2022

**LYDECKER**

**By:**    */s/ Michael Poreda*
           Michael Poreda
           200 Broadhollow Road - Suite 207
           Melville, NY 11747
           (631) 260-1110
           mporeda@lydecker.com
           File No.: 50900
           *Attorneys for Defendants GRAND*
           *AUTOMOTIVE, INC. d/b/a PLANET*
           *MITSUBISHI and GRAND AUTOMOTIVE,*
           *INC. 2 d/b/a LYNBROOK MOTORSPORTS*